PARKER, Acting Chief Judge.
Brian Sutherland appeals a trial court order which denied his request to seal nonjudicial records which were the records of the state attorney, the law enforcement agency which made the arrest, parole and probation records, and the records of the Florida Department of Law Enforcement. We reverse with directions to the trial court to consider whether the trial court, in its discretion, chooses to seal Sutherland’s nonjudicial records.[1]
In 1987 the state filed an information charging Sutherland with handling and fondling a female child under the age of sixteen years pursuant to section 800.04(1), Florida Statutes (1985). Sutherland entered a plea of nolo contendere to the information, and the court accepted the plea, withheld adjudication of guilt, and *1334 placed him on probation which he successfully completed.
In 1991 Sutherland filed a petition to seal his criminal history records. The state objected at the hearing to the sealing on the ground that section 943.058(9), Florida Statutes (1991), prohibits a sealing of a record of a person charged with a violation of section 800.04. The trial court granted the petition to seal as to the court’s records but denied the petition as to the sealing of the nonjudicial records. The trial court stated at the hearing that it felt it had no authority to seal the nonjudicial records because of section 943.058(9).
There is no dispute that, but for section 943.058(9), Florida Statutes (1991), Sutherland meets the criteria set forth in section 943.058(2) to be considered for a sealing or expunction.[2] Section 943.058(9), however, provides: “A criminal history record relating to a violation of ... s. 800.04, ... in which the victim was under the age of 18 years shall not be expunged in any instance where the defendant was found or pled guilty, without regard to whether adjudication was withheld.” This subsection only uses the word “expunged” and does not speak to “sealed.” These terms have distinct meanings as outlined in section 943.-045, which provides as follows:
(13) “Expunction of a record” means the act of physical destruction or obliteration of a record or portion of a record. The process of expunction extends to all records, the continued existence of which would be contrary to the purpose of the expunction.
(14) “Sealing of a record” means the preservation of a record under such circumstances that it is secure and inaccessible to any person not having a legal right of access to the record or the information contained and preserved therein.
§ 943.045(13), (14), Fla.Stat. (1991).
Because subsection (9) only prohibits the expungement of a record for a violation of section 800.04, we conclude that the trial court, within its discretion,[3] may seal the nonjudicial records in this case. Because it appears that the trial court did not recognize that it had the discretion to seal the records, we reverse the order and remand with directions to the trial court to reconsider appellant’s motion as it relates to the sealing of the nonjudicial records.
PATTERSON, J. and BENTLEY, E. RANDOLPH, Associate Judge, concur.

. It is ironic that neither party has addressed the fact that this opinion requires this court to disclose the defendant's name and the nature of his crime to resolve this appeal. Neither party has requested, by motion, that this court use only initials to identify appellant.

. Sutherland’s affidavit states that he previously had never been adjudicated guilty of a criminal offense or comparable ordinance violation, that he had not been adjudicated of any charge stemming from this episode, and that he had not had a prior records expunction or sealing.

. Section 943.058(2), Florida Statutes (1991) provides:
This subsection does not confer upon any person who meets the criteria set out in this subsection a right to the sealing or expunction of any criminal history record, and any request for sealing or expunction of a criminal history record may be denied at the sole discretion of the court.